UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST HEALTH BENEFITS FUND, and TRUSTEES STEVEN M. POWELL, ROBERT O'TOOLE, KENNETH URZEDOWSKI, DEREK KINNEY, BRIAN JORDAN, WILLIAM R. SEEHAFER, <br><br>Plaintiffs, <br><br>v. <br><br>VINCE & SONS, CO., <br><br>Defendant. | Case No. |

# COMPLAINT

Now Come Plaintiffs, United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund ("Health Fund"), and Trustees, Steven M. Powell, Robert O'Toole, Kenneth Urzedowski, Brian Jordan, Derek Kinney, William R. Seehafer ("Trustees") (collectively, "Plaintiffs"), and for a cause of action against Vince & Sons, Co. ("Vince & Sons" or "Defendant") allege as follows:

## INTRODUCTION

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. §§ 1001 *et seq.,* and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. The Health Fund seeks a money judgment awarding delinquent contributions, interest, liquidated damages, and a attorneys' fees and costs as a result of Defendant's failure to pay contributions required by a collective bargaining agreement ("CBA"). (A true and correct copy of the CBA is attached hereto as

Exhibit A).

## JURISDITION AND VENUE

2.  Jurisdiction is conferred on this court by ERISA Sections 502(a)(3), (e)(l) and (f), and 430l(c), 29 U.S.C. §§ 1132(a)(3), (e)(l) and (f), and 1451(c), and by the provisions of 28U.S.C. § 1331, relating to any civil action or proceeding arising under the laws of the United States.

3.  Venue is proper in this court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the Health Fund is administered in this judicial district at 18861 90th Ave, Suite A, Mokena, IL 60448.

## PARTIES

4.  The Health Fund is established and operates pursuant to an Agreement and Declaration of Trust ("Trust Agreement") for the purpose of providing health benefits for employees. (A copy of the Trust Agreement is attached hereto as Exhibit B). The Health Fund is a multi-employer benefits fund within the meaning of ERISA 29 U.S.C. §1001 et seq.

5.  The Trustees of the Health Fund are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are also the plan sponsor within the meaning of ERISA § 3(16), and have authorized this lawsuit.

6.  Pursuant to Sections 502(a)(3) and 4301(a)(l) of ERISA, 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1451, and 29 U.S.C. § 185, the Health Fund is authorized to bring this action on behalf of the Plan, its participants and its beneficiaries.

7.  Vince & Sons, is an Illinois corporation that does business at 7825 W. 87th Pl. Bridgeview, IL. Vince & Sons, at all times material, has been an employer within the meaning of 29 U.S.C. 152(2), and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is

engaged in an industry affecting commerce within the meanings of Section 3(11) and (12) OF o BRISA, 29 U.S.C. § 1002(11) and (12).

## COUNT I

8. The Health Fund realleges and incorporates the above paragraphs as if fully set forth herein.

9. On May 8, 2012, Defendant executed a Recognition Agreement, whereby it agreed to take-on all duties, responsibilities, and liabilities it owed to the Health Fund, pursuant to the terms of the CBA. (A true and correct copy of the Recognition Agreement is attached hereto as Exhibit C).

10. Pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(g), the CBA and the Trust Agreement, Plaintiffs are empowered to take all necessary action to recover contributions due, together with interest, liquidated damages, reasonable attorneys' fees and costs.

11. Article VI of the Trust Agreement requires the payment of liquidated damages by Vince & Sons for each month a delinquency exists. Such liquidated damages have been established at 10% of the amount of contributions due for the first month of the delinquency and in addition thereto, 1 ½ for each additional month such delinquency remains outstanding. Article VI also provides that the Employer shall be liable for the cost of filing suit and reasonable attorneys' fees.

12. The Health Fund is a third-party beneficiary to the CBA because it is designated by the CBA to receive contributions to be used to provide benefits for employees covered by the CBA.

13. Plaintiffs have performed all conditions required to be performed pursuant to the terms of the CBA and the Trust Agreement.

14. Article 10 of the CBA requires Vince & Sons to make monthly contributions to the Health Fund for covered employees.

15. Beginning in March 2013 through June 2013, and August 2013 through December 2013, Vince & Sons failed to make health contributions to the Health Fund for certain employees. Vince & Sons owes the Health Fund $18,720.00 in delinquent health contributions and $6,322.73 and $23,353.38 in interest and liquidated damages, respectively.

16. By letter dated February 13, 2019, the Health Fund demanded that Vince & Sons pay the delinquency principal, interest and liquidated damages. (A true and Correct Copy of the February 13, 2019 letter is attached hereto as Exhibit D). Thereafter, Vince & Sons has failed or refused to pay its delinquent health contribution payments.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court:

A. Enter and Order requiring Defendant to specifically perform under the terms of the CBA and Trust Agreement, by paying the Health Fund the unpaid principal owed on all delinquent contributions;

B. Enter an Order requiring Defendant to pay the Health Fund interest and liquidated damages on all delinquent contributions, together with Plaintiffs' attorneys' fees and costs; and

C. For such other relief as this Court deems just and equitable.

DATED: 2/26/2020

Respectfully submitted,

/s/ Joseph C. Torres
Joseph C. Torres
Attorney for Plaintiffs

THE KARMEL LAW FIRM
221 North LaSalle Street, Suite 1550
Chicago, IL 60601
(312) 641-2910
joe@karmellawfirm.com